PENDLETON, President,
delivered the resolution of the court, as follows:
It was said, that, after the habere facias possessionem, was executed, it was too late to appeal, and none could be allowed. But the practice in England proves this to be a mistake; for there, unless there be a special application for a writ of super-sedeas, the execution is not postponed; but restitution is awarded in case of a reversal. However, it is unnecessary to enquire into the doctrine there; because the act of assembly, allowing a petition of appeal, bounds the right to it, by the three years limitation only.
That difficulty removed, we proceed to examine the decree.
Courts of law have determined, that where patents have been surreptitiously obtained, they are void at common law, and that suits, at law, may be brought to set them aside: But such decisions are rare; none are recollected by us in England, since the reign of queen Elizabeth: and but two in this country, that of Chew v. Stevens, in the old general court, and that of Hambleton v. Wells, in this court. These never having been published, were necessarily, known only to very few of the profession; and perhaps, hardly to any practising in the country only : The remedy at law, therefore, in the present case, was doubtful, and less eligible, evidently, than a suit in equity; which warranted the ap-jjlication to the latter court. But, if that were not so, it has long been established, that courts of law and equity have concurrent jurisdiction in cases of fraud; the allegation, of which, was the very gist of the present suit. Whenever, a ^person having the elder title is postponed by fraud, a court of equity can more effectually set things to rights again; and establish, upon a view of all circum-tances, complete justice between the parties, than a court of common law: and therefore, is, in practice, the tribunal usually resorted to. The court has thought proper to notice these things, lest, by a general affirmance of the chancellor’s decree in this case, a contrary doctrine might be thought to be established.
Upon the merits of the cause, however, the court is of opinion, that the appellant has made no case for relief. By the settled rules of the former government, a man lost his right, under a survey, unless it was returned, into the secretary’s office, within six months: which does not appear to have been done by Hatcher: Neither is it proved, that he ever had any order of council, or other public warrant for the survey; or ever made any application for a patent, paid the quit-rents, or cultivated or improved the land; but on the contrary, a neglect of those things occasioned the petition for it, by the complainant, as lapsed land. Nor do the objections stop there; for the identity of the land is not proved; or that it is part of the lands comprehended in Jones’s patent, without which the plaintiff could have no cause of complaint against the latter. The bill, indeed, suggests that the delay of performance on the part of Hatcher arose from the contest with the governour, about the pistole fee; but even this is not proved; and, if it had, no cause is shewn, why a caveat was not filed to Jones’s survey : which would have brought the whole controversy to an end. In short, nothing appears to have been done to save Hatcher’s right; and, although the case, stated in the bill, is. probably a fair one; yet the plaintiff has not supported his allegations. The only thing, therefore, that can be done, is to affirm the decree of the chancellor; which the court accordingly directs, and the following is to be the entry: ■
‘ ‘This day came the parties by their counsel, and on consideration of the record and the arguments of the counsel, ^although this court doth not approve of the general reasoning in the introduction to the decree of the said high court of chancery, being of opinion that, in controversies of this nature, where fraud is suggested and proved, courts of equity have competent jurisdiction, are most usually and properly resorted to, and can afford ample and adequate relief; yet since the appellant hath made no proof in support of the allegations of his bill, or of any fraud, on the part of Wood Jones, father of the appellee, in obtaining his patent, this court is of opinion there is no error in the said decree: Therefore it is decreed and ordered, that the same be affirmed, and that the appellant pay, to the appellee, his costs, by him, about his defence in this behalf expended: which is ordered to be certified to the said high court of chancery. ’ ’